IFEANYI OKEKE
and OLIVDAN PROPERTIES, LLC,

          Plaintiffs,

  v.

                                      Case No. 25-cv-36-pp

JOSEPH NANTOMAH
and INVESTORS CAPITAL, LLC,

          Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES (DKT. NO. 19) AND DISMISSING CASE

    On August 29, 2025, the court granted default judgment in favor of the plaintiffs. Dkt. No. 17. The court ordered that if they wanted to recover attorneys' fees, the plaintiffs must file an attorneys' fee petition with supporting documentation. Id. at 18–19. The plaintiffs did so on September 18, 2025. Dkt. No. 19. The court will grant the plaintiffs' motion and award the plaintiff $2,891 in attorney's fees and costs.

### I.    Plaintiffs' Motion for Attorneys' Fees

    The plaintiffs argue that the court should calculate attorneys' fees using the lodestar method. Dkt. No. 19 at 2. They assert that their lead counsel, Attorney Kate Goodhart, is well-qualified and expended a reasonable amount of time handling the multiple complex causes of action. Id. at 3–4. The plaintiffs assert that the amount of time Attorney Goodhart dedicated to this matter precluded her from taking on other work. Id. at 4. They contend that Attorney Goodhart's rate—$250 per hour—is "modest and reasonable" for this market as

supported by the declaration of Milwaukee attorney Timothy Baldwin. Id. (citing Dkt. No. 21). The plaintiffs argue that even though this case was resolved by default judgment, counsel still had to expend effort to successfully obtain the default judgment and a favorable outcome for the plaintiffs. Id. at 4–5. The plaintiffs maintain that Attorney Goodhart did not inflate her hours or perform duplicative work, and that the invoices and declarations submitted support the fee award sought. Id. at 5.

Attorney Goodhart provided a declaration in support of the plaintiffs' motion. Dkt. No. 20. She avers that her standard hourly rate is $250 per hour. Id. at ¶5. Attorney Goodhart avers that she accepted this case under a contingent fee agreement in which the plaintiffs agreed that counsel would be entitled to an hourly fee of $250 to $350 for attorneys and $150 for paralegals, legal assistants or law clerks. Id. at ¶6. Attorney Goodhart attached an invoice showing the legal work performed as of September 18, 2025. Id. at ¶7. The invoice shows that Attorney Goodhart expended 9.29 hours on the case and Austin Baldwin expended 1.09 hours. Dkt. No. 20-2. Attorney Goodhart does not identify Austin Baldwin's role, but because his time is billed at $150 an hour, the court will assume that Baldwin is a paralegal, legal assistant or law clerk.

Attorney Timothy Baldwin submitted a declaration in support of the plaintiffs' motion for attorneys' fees. Dkt. No. 21. Attorney Baldwin avers that he is knowledgeable about the prevailing rates in Milwaukee's legal community and that Attorney Goodhart's rate of $250 per hour is fair and appropriate for the Milwaukee area based on her skill, experience and education. Id. at ¶¶6–7.

2

Case 2:25-cv-00036-PP     Filed 11/05/25     Page 2 of 6     Document 24

The plaintiffs ask the court to award $2,486 in attorneys' fees and $405 in costs. Dkt. No. 19 at 5. The defendants did not file a response to the plaintiffs' fee petition.

## II. Legal Standard

"Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended." Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C., 574 F.3d 852, 856 (7th Cir. 2009). "A reasonable hourly rate is the local market rate for the attorney's services." Eagle F. v. Phyllis Schlafly's Am. Eagles, 498 F. Supp. 3d 1024, 1047 (S.D. Ill. 2020). "The best evidence of an attorney's market rate is his or her actual billing rate for similar work." Id. (citing Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 639-40 (7th Cir. 2011)). A court otherwise may rely on "evidence of rates charged by similarly experienced attorneys in the community for similar work and evidence of fee awards the attorney has received in similar cases." Id. (citing Johnson v. GDF, Inc., 668 F.3d 927, 933 (7th Cir. 2012)). The court may make its own rate determination if the fee applicant—who has the burden to establish his or her market rate— fails. Johnson, 668 F.3d at 933.

## III. Analysis

The plaintiffs' claimed hourly rate is reasonable. Attorney Goodhart states that $250 an hour is her actual billing rate for this case and for similar work, and Attorney Baldwin's declaration attests that this rate is reasonable for the Milwaukee legal market. "Once an attorney provides evidence of [her] billing rate, the burden is upon the defendant to present evidence establishing 'a good reason why a lower rate is essential.'" People Who Care v. Rockford Bd. of

Educ., School Dist. No. 205, 90 F.3d 1307, 1313 (7th Cir. 1996) (quoting Gusman v. Unisys Corp., 986 F.2d 1146, 1151 (7th Cir. 1993)). "A defendant's failure to do so is essentially a concession that the attorney's billing rate is reasonable and should be awarded." Id. Because Attorney Goodhart presented evidence of her billing rate and its reasonableness for this market and because the defendants did not oppose it, the court finds that $250 an hour is a reasonable rate for Attorney Goodhart's work.

The plaintiffs did not provide evidence that $150 is a reasonable rate for Austin Baldwin's work. First, though Attorney Goodhart states that $150 is the rate her firm charges for paralegal, legal assistant or law clerk work, the plaintiffs do not identify Austin Baldwin's role in the case, leaving the court to assume his role from the rate charged. Second, Attorney Timothy Baldwin's affidavit says nothing about the prevailing rates for paralegals, legal assistants or law clerks in the Milwaukee legal market. So, the court must make its own determination of whether Austin Baldwin's rate is reasonable for paralegal or legal assistant work. The prevailing rate for paralegal work in this circuit is around $100 an hour. McCabe v. Heid Music Co., Inc., No. 23-CV-1215, 2024 WL 2815321, at *2 (E.D. Wis. June 3, 2024) (collecting cases). The invoice shows that Austin Baldwin performed tasks typically assigned to a paralegal, including preparing and filing attorney appearance and magistrate judge jurisdiction forms and coordinating service of process. Dkt. No. 20-2 at 2–3. Based on the paralegal rates approved of in this circuit and the work Austin Baldwin performed, the court finds that $150 an hour is a reasonable rate for Austin Baldwin's work.

The court next must determine whether the plaintiffs' attorneys expended a reasonable number of hours on this case. The total time spent on

4

the case—10.38 hours—is a reasonable amount of time to secure a default judgment. See McCabe v. Tire Web, LLC, Case No. 23-cv-459-pp, 2024 WL 5238261, at *3 (E.D. Wis. Dec. 26, 2024) (finding 31.3 total hours expended to obtain a default judgment was reasonable); Gibbs v. Sasta Bazaar, Inc., Case No. 17-cv-1268-pp, 2018 WL 2012921, at *2 (E.D. Wis. Apr. 30, 2018) (10.30 hours reasonable); Faraca v. Fleet 1 Logistics, LLC, 693 F. Supp. 2d 891, 896 (E.D. Wis. 2010) (26.25 hours reasonable). Nothing in the time logs provided strikes the court as "excessive, redundant, or otherwise unnecessary," Johnson, 668 F.3d at 931, but there is one entry that is not clear. The invoice states that on May 22, 2025, Attorney Goodhart spent 2.50 hours "[d]raft[ing] motion for summary judgment and supporting brief." Dkt. No. 20-2 at 4. The plaintiffs did not file a motion for summary judgment; on May 22, 2025, they filed a motion for *default* judgment. But the invoice does not have any other entry that could correspond with drafting the motion for default judgment. The invoice states that on April 22, 2025, Attorney Goodhart spent 2.00 hours drafting and filing documents related to the motion for default judgment. Id. at 3–4. But on that date, the plaintiffs filed their request for *entry of default* and a supporting declaration, not the *motion* for default *judgment*. Dkt. Nos. 9, 10. The court will assume that the April 22, 2025 entry corresponds with work performed on the request for entry of default, and that the May 22, 2025 entry reflects Attorney Goodhart's work on the motion for default judgment filed on that date. The court will award to the plaintiffs attorney's fees of 1.09 hours of paralegal time at $150 per hour and 9.29 hours of attorney time at $250 per hour, equaling $2,486.

The plaintiffs also assert that they incurred $405 in costs. Dkt. No. 19 at 1. "Costs are presumptively awarded to the prevailing party under Federal Rule

5

of Civil Procedure 54(d)." <u>Animal Legal Def. Fund v. Special Memories Zoo</u>, 42 F.4th 700, 707 (7th Cir. 2022) (citing Fed. R. Civ. P. 549d)). The court will award costs for the $405 filing fee in this case.

## IV. Conclusion

The court **GRANTS** the plaintiffs' motion for attorneys' fees. Dkt. No. 19. The court **AWARDS** the plaintiffs $2,891 in attorneys' fees and costs.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 5th day of November, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**